Kenley E. **BURKE, Appellant–Plaintiff,**

v.

**BOARD OF DIRECTORS OF the MONROE COUNTY PUBLIC LIBRARY, John W. Lasher and Kathleen Gregg, Appellees–Defendants.**

No. 53A01–9806–CV–236.

Court of Appeals of Indiana.

July 7, 1999.

Rudolph Wm. Savich, Bloomington, Indiana, Attorney for Appellant.

Gary J. Clendening, Kendra G. Gjerdingen, Mallor Clendening Grodner & Bohrer, Bloomington, Indiana, Attorneys for Appellees.

## OPINION—ON REHEARING

NAJAM, Judge

Kenley E. Burke petitions for rehearing of our opinion in *Burke v. Board of Directors of Monroe County Public Library*, 709 N.E.2d 1036 (Ind.Ct.App.1999). There, we affirmed the trial court's grant of summary judgment in a suit Burke initiated against the Board of Directors of the Monroe County Public Library, John W. Lasher and Kathleen Gregg for breach of contract, intentional interference with an employment contract and retaliatory discharge. We decided that those claims sounded in tort and were barred because Burke failed to provide the 180–day notice required by the Indiana Tort Claims Act. We also concluded that Burke failed to designate evidence to support his claim that he was terminated for exercising his right to free speech.

■ Burke now seeks rehearing and contends that we improperly found, on a separate ground, that his complaint was untimely under Section 5 of the Administrative Orders and Procedures Act (the "AOPA"). *See* IND.CODE § 4–21.5–5–5. Burke is correct. The Monroe County Public Library is not an agency within contemplation of the AOPA, *see* IND.CODE § 4–21.5–1–3, and Section 5 does not apply. Burke's petition for rehearing is granted on that issue, and we vacate that part of our opinion in which we said that his complaint was untimely under the AOPA.

■ Nevertheless, the Tort Claims Act applies to Burke's claims for breach of contract, intentional interference with an employment contract and retaliatory discharge. Burke did not seek judicial review in the trial court, and we reaffirm that, on appeal, he cannot avoid application of the Tort Claims Act notice requirement by recasting his complaint as a petition for judicial review. *Burke*, 709 N.E.2d at 1041.

Petition for Rehearing granted to modify our opinion, in part, and denied in all other respects.

SHARPNACK, C.J., and BAILEY, J., concur.