

**FILED**

Jul 25 2013, 6:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

APPELLANT PRO SE:

**JASON E. MORALES**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

JASON E. MORALES,                    )
                                     )
    Appellant-Petitioner,        )
                                     )
        vs.                  )    No.  82A05-1302-CR-72
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Respondent.         )

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-0902-FB-150

**July 25, 2013**

**OPINION – FOR PUBLICATION**

**BAKER, Judge**

After the trial court denied appellant-petitioner Jason E. Morales's motion for placement into the Vanderburgh County Forensic Diversion Program (the Program)[1] on the basis that the Program would not accept any sex offenders, Morales filed a petition for judicial review of the Program's acceptance criteria. Morales argued that because Indiana Code section 11-12-3.7-12 already provides that persons convicted of certain offenses deemed violent are excluded from placement into post-conviction forensic diversion programs, and not all sex offenses are included in that list, the Program exceeded its statutory authority by establishing acceptance criteria that were more exclusive than those in the statute.

Morales now appeals from the trial court's denial of his petition, raising the same challenge to the Program's authority to exclude all sex offenders. We conclude that the trial court's denial of Morales's petition was not an abuse of discretion because there was no final administrative decision for the trial court to review and that, even if the Program had explicitly rejected Morales, its decision would not have been arbitrary or capricious because Morales was ineligible under the statute. Finally, even assuming solely for argument's sake that Morales had been eligible under the statute, Indiana counties have the ability to determine the scope of their forensic diversion programs. Thus, we affirm the judgment of the trial court.

---

[1] A forensic diversion program is "a program designed to provide an adult: (1) who has a mental illness, an addictive disorder, or both a mental illness and an addictive disorder; and (2) who has been charged with a crime that is not a violent offense; an opportunity to receive community treatment and other services addressing mental health and addiction instead of in addition to incarceration." Ind. Code § 11-12-3.7-4.

FACTS

On April 27, 2010, after being convicted of three separate counts of class B felony sexual misconduct of a minor, Morales was sentenced to concurrent sentences of eighteen years on each conviction. Morales's convictions were affirmed on direct appeal to this Court. Morales v. State, No. 82A04-1005-CR-311, memo op. at 7 (Ind. Ct. App. Apr. 20, 2011).

On February 15, 2012, Morales filed a motion in the trial court for placement in Vanderburgh County's post-conviction forensic diversion program. The motion also asked the trial court to determine whether Morales was "an appropriate candidate for placement in such a program." Appellant's App. p. 39. On March 8, 2012, the State filed an objection to "any modification of the Defendant's sentence due to the criminal history regarding siad [sic] defendant." Id. at 73. That same day, the trial court denied Morales's motion. On July 31, 2012, the trial court denied Morales's motion for reconsideration. The chronological case summary (CCS) entry on that date states: "PROBATION DEPARTMENT HAS CHECKED WITH FORENSIC DIVERSION PROGRAM AND HAS BEEN ADVISED THAT THE PROGRAM WILL NOT ACCEPT DEFT. BECAUSE THIS IS A SEX OFFENSE. THEREFORE, DEFT'S MOTION FOR RECONSIDERATION OF PCFD MOTION IS DENIED." Id. at 10.

In August 2012, Morales requested copies of the Program's rules and procedures from the trial court. However, the trial court denied this request because the Program is

not a part of the court system. The trial court subsequently denied Morales's request to order the Program to provide Morales with copies of these same documents.

On January 18, 2013, Morales filed a "Verified Petition for Judicial Review of Administrative Decision Violative of Indiana Code." Appellant's App. p. 83-92. The trial court denied Morales's petition for judicial review on February 6, 2013,[2] and Morales now appeals.

## DISCUSSION AND DECISION

Morales contends on appeal, as he did in the trial court, that "[t]he Vanderburgh County Forensic Diversion Program and its advisory board exceeded their statutory authority in establishing a criteria for offender placement in the post-conviction forensic diversion program by banning all offenders convicted of a sex offense." Appellant's Br. p. 1. More particularly, Morales argues that the criteria banning all sex offenders from participation in the Program "is contrary to the statutorily established criteria under Indiana Code § 11-12-3.7-12, which allows certain non-violent sex offenses to be considered for placement in a post-conviction forensic diversion program." Id.

At the outset, we consider the State's argument that Morales's appeal should be dismissed because Morales failed to timely appeal the trial court's denials of his request for consideration for placement in the Program or his motion to reconsider that decision. We note that Morales "cannot avoid application of [the requirement of a timely appeal] by recasting his complaint as a petition for judicial review." Burke v. Bd. of Dirs. of the

---

[2] Although the trial court's orders discussed above are reflected in the CCS, it is unclear whether the trial court actually issued written orders.

4

Monroe Cnty. Pub. Library, 711 N.E.2d 1288, 1289 (Ind. Ct. App. 1999). However, to the extent that Morales intended his petition for judicial review to be a separate matter, we decline to dismiss his appeal. That said, we nevertheless find Morales's contentions to be without merit.

First, we agree with the State that Morales's petition for judicial review was improper because Morales never applied for acceptance into the Program and was thus never rejected from consideration by the Program. Accordingly, there was no final administrative action for the trial court to review. Although the State contends that Morales's petition for judicial review was erroneous because it failed to comply with the procedural requirements of the Indiana Administrative Orders and Procedures Act (AOPA), and Morales contends that the actions of the Program—as a county agency—are not governed by AOPA, we need not decide whether the Program is excluded from AOPA's procedural requirements. Rather, even assuming that AOPA does not apply, a trial court would still apply "general administrative law principles" to a petition for judicial review. Bd. of Comm'rs in Cnty. of Allen v. Ne. Ind. Bldg. Trades Council, 954 N.E.2d 937, 944 (Ind. Ct. App. 2011), trans. denied. And one of the most fundamental constructs of administrative law is that judicial review cannot occur until there has been a "final administrative action" to review. Id. Here, there was not.

Moreover, even if the Program had considered Morales for placement into the Program and rejected him because its acceptance criteria excludes all sex offenders, not

just violent ones, we would not consider that to be an arbitrary and capricious decision.

Indiana Code section 11-12-3.7-12(a) provides:

> A person is eligible to participate in a post-conviction forensic diversion program only if the person meets the following criteria:
>
> (1) The person has a mental illness, an addictive disorder, or both a mental illness and an addictive disorder.
>
> (2) The person has been convicted of an offense that is:
>
>> (A) not a violent offense; and
>>
>> (B) not a drug dealing offense.
>
> (3) The person does not have a conviction for a violent offense in the previous ten (10) years.
>
> (4) The court has determined that the person is an appropriate candidate to participate in a post-conviction forensic diversion program.
>
> (5) The person has been accepted into a post-conviction diversion program.

Although Indiana Code section 11-12-3.7-7 requires all Indiana counties to develop a forensic diversion plan, there is no corresponding requirement to implement a forensic diversion program. In fact, the statute specifically states that "[d]evelopment of a forensic diversion plan . . . does not require implementation of a forensic diversion program." Ind. Code § 11-12-3.7-7(d). Thus, it is apparent to us that if a county decides to implement a forensic diversion program, that county also has the discretion to decide its program's scope. See Lomont v. State, 852 N.E.2d 1002, 1007 (Ind. Ct. App. 2006) (noting that "the forensic diversion program enabling statute does not create a program to

6

which all citizens have a right of access" and that it "merely prescribes the minimal requirements for the program should a county choose to establish one").

Finally, we note that Morales, as a person convicted of a violent offense as defined by Indiana Code section 11-12-3.7-6, was not eligible to participate in the Program notwithstanding the Program's limited acceptance criteria. According to this statute, a violent offense includes class B felony sexual misconduct with a minor, of which Morales was convicted of three counts and for which he was serving an eighteen-year sentence. I.C. § 11-12-3.7-6(10). Despite Morales's arguments to the contrary, neither the trial court nor we are at liberty to disregard the statute's clear language and determine that class B felony sexual misconduct as a minor, inasmuch as it is enhanced merely upon the age of the offender, is not a violent offense. See Grody v. State, 257 Ind. 651, 659-60, 278 N.E.2d 280, 285 (1972) (holding that "[i]t is not within the province of [the courts] to expand or contract the meaning of a statute by reading into it language which will . . . correct any supposed omissions or defects therein").

For all these reasons, we conclude that the trial court did not err when it denied Morales's petition for judicial review.

The judgment of the trial court is affirmed.

MAY, J., and MATHIAS, J., concur.