

**FILED**

Oct 29 2013, 5:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

APPELLANT PRO SE:

**JASON E. MORALES**
Carlisle, Indiana

ATTORNEY FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON E. MORALES, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 82A05-1302-CR-72 |
| | ) | |
| STATE OF INDIANA | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-0902-FB-150

**October 29, 2013**

**OPINION GRANTING REHEARING – FOR PUBLICATION**

**BAKER, Judge**

In this case, appellant-petitioner Jason E. Morales appealed the trial court's decision denying his motion for judicial review of the admissions criteria for the Vanderburgh County Post-Conviction Forensic Diversion Program (the Program). This Court concluded, in part, that "because Morales never applied for acceptance into the Program and was thus never rejected from consideration by the Program," there was no final administrative action for the trial court to review, and Morales's petition for judicial review was not proper. Slip op. at 5.

Morales now petitions for rehearing, vehemently arguing that we mistakenly determined that he had not applied for acceptance into the Program and concluded that there was no final administrative action to review. Pet. p. 4. Morales contends that he did apply to the Program through filing a motion in the trial court for placement in the Program. The State has not filed a response.

Although Morales petitioned the trial court to be placed into the Program and the probation department investigated whether he satisfied its criteria, this action is not the same as Morales applying directly to the Program. Indeed, the Program did not deny Morales's admission. Rather, the Program informed the probation department that Morales did not satisfy the criteria for acceptance. To Morales, the result is the same, but before a court can review a final administrative action, there must be an agency action for the court to review. Here, the agency administering the Program did not act, but merely

2

informed the probation department that based on the information that it had been provided, Morales did not satisfy the necessary criteria for acceptance into the Program.

It appears that Morales really wanted a declaratory judgment that the Program's criteria excluded too many offenders, particularly sex offenders. There are procedures to seek a declaratory judgment, but Morales did not pursue them.

Morales's petition for rehearing is granted for the limited purpose of clarification as to the specific issue discussed above. Otherwise, we stand by our previous opinion.

MATHIAS, J., concurs.

MAY, J., would deny the petition for rehearing.